Ex Parte John Trant, Petitioner, v. Dr. Paul Schrader and Dr. L. H. Dunham, Respondents.—175 S. W. (2d) 161.

Kansas City Court of Appeals.   October 26, 1943.

*Chas. V. Garnett* for petitioner.

*Roy McKittrick* and *Wm. B. Teasdale* for respondents.

CAVE, J.—The petitioner, John Trant, was received into State Hospital No. 2, located at St. Joseph, Missouri, on February 5, 1943, and has since been detained therein. He seeks our writ upon the theory that the said hospital is retaining him without warrant of law. The hospital, through its constituted authorities, by its return filed herein, justifies detaining petitioner upon the sole ground that he was committed to the hospital in virtue of the judgment of the County Court of Buchanan County, Missouri, rendered on February 5, 1943.

By answer to the return, petitioner charges that the judgment of the county court committing him to the hospital is invalid and void, because: (1) At the time the county court entered its order it was without jurisdiction over his person for the reason that notice of the hearing was not served on him a reasonable time before the date set for said hearing; (2) at the time of service of the purported writ, petitioner was under arrest and in the custody of the Sheriff of Buchanan County, and actually in the county jail of said county, without warrant or authority of law, and therefore could not voluntarily appear at said hearing. We think other matters alleged in the answer to the return need not be set out.

The question presented is, was the judgment of February 5th a valid one. If valid, petitioner is rightfully detained; if void, he is entitled to be released.

The petitioner having filed his own petition in this court and not being represented by counsel, we thought it proper that counsel be appointed to represent him, and appointed Charles Garnett, an attorney of this bar, to so represent him. The attorney-general, through an assistant, Mr. Teasdale, appeared for the authorities of State Hospital No. 2. An agreed statement of facts was filed, showing substantially the following: That John Trant, the petitioner, is a citizen and resident of Buchanan County, Missouri, and prior to his confinement, lived with his father. On or about the night of February 3, 1943, he left his home and started to Kansas City, Missouri, intending to solicit rides along the highway. His father, fearing that he might become a victim of some accident, caused him to be taken in charge by the police department of St. Joseph, and he was placed in the county jail of that county. On the following day, February 4th, his father filed an information with the clerk of the Buchanan County Court, charging that petitioner is insane. On February 5th, the clerk issued a notice to petitioner, notifying him of the filing of said information and that a hearing would be held thereon before said county court on said 5th day of February; that said notice was served.

on petitioner on said 5th day of February, by the sheriff of Buchanan County, and the return of the sheriff thereon so shows; that on February 5th, a hearing was had before said county court, resulting in the entry of its order and judgment finding petitioner insane and committing him to State Hospital No. 2 at St. Joseph.

Petitioner was not present before the county court at the time of said hearing. In addition to the admitted facts, we heard oral testimony which was to the effect that the hearing in the county court was in the forenoon of February 5th; that the father of petitioner had employed an attorney to represent him, which attorney consulted petitioner in the county jail and then appeared before the county court advising the court that the petitioner was a person of unsound mind. The Superintendent of State Hospital No. 2 gave it as his opinion that the petitioner was still a person of unsound mind and a proper person to be confined in the state hospital.

We are not passing on the question of petitioner's sanity or insanity. We shall discuss and decide the sole question of whether he is now legally confined.

It is contended that the notice of the hearing issued on February 5th and served on the same day and the hearing had on the same day, is in effect no notice, and therefore the order made is void. We think this contention must be sustained. Prior to 1937, our statutes providing for the confinement of indigent county patients in state hospitals for the insane made no express provision for giving written notice of the time and place of the hearing, but our courts had uniformly held that reasonable notice must be given to sustain the order of confinement. [Hunt v. Searcy, 167 Mo. 158; Shanklin v. Boyce, 275 Mo. 5; State ex rel. Perry v. Holckamp (Mo. Sup.), 51 S. W. (2d) 13.] In 1937, the General Assembly repealed certain sections of Article 2, Chapter 46, Revised Statutes 1929, relating to the confinement of county patients in state hospitals, and provided, by what is now section 9336, Revised Statutes 1939, that after proper complaint had been filed the county clerk "shall cause the alleged insane person to be notified of the proceeding by written notice stating the nature of the proceeding, time and place when such proceeding will be heard by the court, and that such person is entitled to be present at said hearing and to be assisted by counsel. Such notice shall be signed by the clerk under the seal of the court and served in person on the alleged insane person a *reasonable time before the date set for such hearing.* . . . (Italics ours.)

From the admitted and undisputed facts, it seems clear that petitioner was not served with written notice "a reasonable time before the date set for such hearing". In State ex rel. Perry v. Holckamp, *supra,* in discussing a similar provision in a statute relating to insanity hearings in the probate court, the Supreme Court said:

"Thus Section 450 requires that a written notice stating the nature of the proceedings signed by the judge shall be served in person on the alleged insane person a *reasonable time bfore the date* set for such hearing. . . . Certainly a reasonable time 'before the *date*' set for the hearing would not be notice to appear on the same day the notice was served. . . . The respondent asserts other inadequacies and infirmities in this notice. It is unnecessary to consider these matters because the notice on its face would not authorize a hearing on the day it was served.".

To like effect is the ruling of this court in Ex Parte McLaughlin, 105 S. W. (2d) 1020. In enacting Section 9336, *supra,* in 1937, the Legislature no doubt had in mind the court decisions construing Section 450 relative to notice in probate court to declare a person of unsound mind and used almost the identical language in the section under consideration.

In a hearing of this kind, the importance and absolute necessity of proper and reasonable notice served on the person accused of being insane is well and forcibly expressed by the court in State ex rel. Johnson v. Hogdon, 251 S. W. 131, 1. c. 132, where it is said:

"In cases of this character, in which it is sought to deprive a citizen of his liberty or property or both, it is essential to the court's jurisdiction in the premises that the mandatory requirements of the law be fully complied with. An inquiry into one's sanity is a proceeding *in invitum,* and of the gravest character; and the law regulates with no little precision the jurisdictional steps to be taken therein. Notice thereof to the alleged insane person is not to be classed with notices of mere incidental steps in a proceeding duly instituted and wherein the court has acquired jurisdiction. The filing of a proper information and the service of notice thereof in accordance with the mandatory terms of the statute are jurisdictional.".

We hold that the notice given in this case was not served "a reasonable time before the date set for such hearing"; and as it did not comply with the statute it was, in legal effect, no notice, and the order committing petitioner to the state hospital was and is ineffective.

A proviso in Section 9336, *supra,* makes available means for protecting a violently insane person, but the facts in this case do not bring the petitioner within the purview thereof, and, furthermore, the steps to be taken in the proviso were not pursued in this case, even if the conditions had warranted it.

Respondent calls to our attention the provisions of Section 9337, which make provision for the county clerk to convene the county court "forthwith for the purpose of passing upon the sanity or insanity of such person", when the sheriff shall have made his return, but we do not think the language of this section authorizes the service of the notice and the hearing on the same day. A reasonable construction of that section is that the hearing be promptly had.

It is also pointed out that the order of the county court recites and shows on its face that "due and legal notice was served upon said alleged insane person"; but the Supreme Court en banc in State ex rel. Perry v. Holckamp, *supra,* specifically held that "It seems to be contended by relator that such finding in the judgment itself is conclusive that Thomasson was duly served with notice as required by statute. Such a recital, however, in the judgment itself must give way to actual facts presented in the notice served." [See, also, In re Fernbaugh v. Clark, 163 S. W. (2d) 999.]

In view of what we have said above, it is unnecessary to advert to the fact that petitioner was not permitted to be present in court at the time of the inquiry into his sanity because he was then confined in the county jail. However, we will make the observation that when a proper and legal notice has been served on a person charged with being insane, no officer of the court should do anything which would prevent the person so charged from being present at such hearing.

It is urged that if this court should conclude that petitioner is being unlawfully restrained of his liberty in State Hospital No. 2, that we should order his release from said state hospital, but should commit him to the custody of the sheriff of Buchanan County, because all the evidence shows him to be a person of unsound mind, and the complaint which was properly filed in the county court is still pending. We have concluded we cannot make such an order. A lunacy proceeding is a civil, as distinguished from a criminal proceeding; it is a proceeding *in personam* by the *State;* the public is interested in the welfare of the person alleged to be insane; and the informant who starts the proceeding cannot withdraw the complaint without the consent of the court. [In re State v. Holckamp, *supra.*] There has been no warrant issued for the arrest of petitioner either under a criminal statute or under the proviso of Section 9336, *supra.* The cases cited by relator are not in point because they were criminal proceedings. Under the condition of the record in this case, we know of no authority authorizing us to commit the petitioner to the custody of the sheriff. The complaint is still pending in the County Court of Buchanan County and must be proceeded on in strict compliance with Article 2, Chapter 51, Revised Statutes Missouri 1939.

For the reasons above assigned, it follows that the detention of the petitioner is without "due process of law", and it is ordered that the authorities of State Hospital No. 2, located at St. Joseph, Missouri, forthwith release the petitioner. All concur.